## MacNAMARA & WADBROOK TRADING CO., Inc., v. ROYAL INS. CO., Limited, et al.

(District Court, S. D. New York. January 19, 1923.)

**1. Insurance ⊚⟼493—Abandonment to insurer held effective, after arbitration sustaining claim of 60 per cent. loss.**

Where a bank, which held a fire insurance policy as collateral security for a draft on the consignee of the goods, claimed that damage to the goods by fire caused a 60 per cent. loss, and abandoned the goods to the insurance company, which disputed the amount of loss, admitting only a 40 per cent. loss, under which there could be no abandonment, a subsequent decision by arbitrators, sustaining the bank's claim of 60 per cent. loss, made the abandonment effective, and thereafter the bank's dealing with the property was as agent of the insurance company.

**2. Judgment ⊚⟼183—Motions of plaintiff and one defendant for summary judgment against other defendant proper.**

Where an owner of insured goods brought an action against the insurance company and also against a bank, which held the policy as collateral security for a draft on the consignee of the goods, asking recovery against the bank, if its negligent handling of the goods after the fire increased the loss and prevented recovery from the insurance company, it was proper practice, under Civil Practice Act N. Y. § 476, and Rules of Practice 112, 113, for the plaintiff, after answers were filed, to move for summary judgment against either or both defendants. and for the bank to move for dismissal of the complaint against it, and summary judgment in favor of the plaintiff against the insurance company, if the answers showed the liability of the insurer.

At Law. Action by the MacNamara & Wadbrook Trading Company, Inc., against the Royal Insurance Company, Limited, and the Royal Bank of Canada. On plaintiff's motion for summary judgment against either or both of the defendants, under rule 113 of the New York Rules of Civil Practice, and the motion of the defendant bank to dismiss the complaint as against it, and to award the plaintiff summary judgment under that rule against the defendant insurance company. Plaintiff's motion granted, in so far as it asked judgment against the insurance company, and defendant bank's motion granted.

John Willett, of New York City, for plaintiff.

Bigham, Englar & Jones, of New York City (Arthur W. Clement, of New York City, of counsel), for defendant Royal Ins. Co., Limited.

Zabriskie, Sage, Gray & Todd, of New York City (Franklin F. Russell, of New York City, of counsel), for defendant Royal Bank of Canada.

MACK, Circuit Judge. Action filed in state court, removed on account of diversity of citizenship. Complaint charges damages by fire to plaintiff's goods insured by defendant insurance company; policy assigned to defendant bank as collateral to draft on consignee; loss appraised in Spain at 60 per cent.; abandonment by bank through its agent in Spain; payment by defendant insurance company to defendant bank of over $8,000 on policy of over $13,000 by agreement, made. and received without prejudice; uncertainty whether bank by delay caused great increase in loss, so that at sale only $175 realized; prayer

for judgment in alternative, under Code, for about $5,000; plaintiff's interest above that of the bank, either against insurance company, or, if it was damaged by bank's act or default, then against bank.

It appears that, two years after the loss, defendant insurance company paid to defendant bank the balance of the indebtedness due from plaintiff to the bank, some $1,800, but again without prejudice (and this was so indorsed on the policy). Insurance company asserts that this was a gratuity, because it had offered to settle by payment of 50 per cent. of the difference between the parties. The bank defends on the ground that the 60 per cent. damages was increased, owing to plaintiff's neglect to send shipping documents sufficient or in proper form, so that the goods could be released from the customs and disposed of. The insurance company defends on the ground that plaintiff failed to exercise ordinary prudence in recovering and saving the property.

[1] As to abandonment, it seems to me clear on the affidavits that there was a verbal abandonment in fact. The bank, it is true, said in the beginning that it could sell the goods for 40 per cent., and therefore claimed a 60 per cent. loss, but there is nothing to indicate that this was more than a reason for claiming 60 per cent. loss and the consequent right to abandon as for a constructive total loss. The insurance company disputed the claim, asserting only a 40 per cent. loss, in which case there can be no abandonment. Arbitration as to the loss resulted in a finding of 60 per cent.; the bank was thus upheld; the abandonment was effective; the bank's dealings with the goods after the verbal abandonment were therefore as the insurance company's agent.

Defendant bank has not released its codefendant by accepting either the 60 per cent. or the further payment of the balance of its own claim, inasmuch as both were made and received without prejudice. While it is true that this latter payment is not alleged in defendant insurance company's answer, it is alleged in defendant bank's answer as an additional payment to plaintiff; by accepting it, the bank cannot be charged as acting in concert with the defendant insurance company—at least, not to plaintiff's prejudice.

[2] There is no basis for plaintiff's counter motion for judgment on the pleadings against both defendants after striking out both answers; there is no joint liability, at best an alternative liability as the complaint charges. But inasmuch as abandonment on the admitted facts appears to me clear, and defendant insurance company's liability for the balance claimed to be without defense, the counterclaim will be granted to the extent of striking out the insurance company's answer and entering judgment against it. As plaintiff, in the circumstances, can have no claim against the bank, and as the codefendant insurance company has waived any possible claim that it might have, judgment must likewise be rendered, dismissing the bank, thus in effect, granting defendant bank's motion.

Under section 476 of the Civil Practice Act and rules 112 and 113 thereunder, I am of the opinion that either defendant bank's motion or plaintiff's motion, limited as above, is proper.